### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>  BE SMART KIDS, INC.,<br><br>      Debtor. | No. 05-03016<br>U.S.B.C., M.D. Tenn.<br>Chapter 7 |
| BE SMART KIDS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>WARREN McPHERSON,<br><br>    Defendant. | Adv. Pro. No. 05-2018 |

### MEMORANDUM

APPEARANCES:

> SANDRA LEE STANSBERY-FOSTER, ESQ.
> 128 South Main Street, Suite 102
> Greeneville, Tennessee 37743
>
> WILLIAM D. KNOWLTON, ESQ.
> 3500 Wilshire Drive
> Plano, Texas 75023
> *Attorneys for Be Smart Kids, Inc.*
>
>
> ROBERT CARL, ESQ.
> BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
> 2200 Riverview Tower
> 900 South Gay Street
> Knoxville, Tennessee 37902
>
> RANDAL S. MASHBURN, ESQ.
> COURTNEY H. GILMER, ESQ.
> BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
> 211 Commerce Street, Suite 1000
> Nashville, Tennessee 37201
> *Attorneys for Warren McPherson, M.D.*

MARCIA PHILLIPS PARSONS
UNITED STATES BANKRUPTCY JUDGE

This adversary proceeding is presently before the court on the plaintiff's motion to remand the action to the Circuit Court of Greene County, Tennessee from whence it was removed and the defendant's motion to change venue to the Middle District of Tennessee where an involuntary bankruptcy petition is pending against the plaintiff. For the reasons stated below, the motion to change venue will be granted and the motion to remand reserved for decision by the transferee court. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A); *see also Couri v. Fisher (In re JCC Capital Corp.)*, 147 B.R. 349, 358 (Bankr. S.D.N.Y. 1992)(determination of motion to transfer venue of non-core adversary proceeding pursuant to 28 U.S.C. §§ 1404(a) and 1412 is a core proceeding).

I.

On March 11, 2005, an involuntary petition under chapter 7 was filed against Be Smart Kids, Inc. ("BSK") in the United States Bankruptcy Court for the Middle District of Tennessee. Subsequently, on April 12, 2005, BSK filed a complaint for damages and injunctive relief in the Circuit Court of Greene County, Tennessee against Warren McPherson ("McPherson"), the former president and CEO of BSK. Immediately upon the filing of that complaint, the state court judge entered an *ex parte* order granting a temporary injunction against McPherson prohibiting him from transferring and requiring him to turnover certain property of BSK.* McPherson responded by filing

---

*McPherson has now filed a motion in this court seeking a determination that the temporary injunction is not in effect, or in the alternative, to dissolve or modify the temporary injunction. Because the venue of this action is being changed to the United States Bankruptcy Court for the Middle District of Tennessee and the motion to remand reserved for ruling by that court, any decision on McPherson's motion by this court will likewise be reserved for the transferee court.

2

on April 22, 2005, a Notice of Removal pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027, removing the state court action to this court.

Concurrently with the filing of the Notice of Removal, McPherson moved to change the venue of this adversary proceeding to the Bankruptcy Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 7087. According to McPherson, "[t]here is a strong presumption of venue in the district where the bankruptcy case is pending to facilitate the speedy and economic administration of the case," citing *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc. (In re Windsor Communications Group, Inc.)*, 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985). McPherson also asserts that a change of venue is in the interest of justice and for the convenience of the parties. He states that all business operations of BSK were conducted in the Middle District of Tennessee; the headquarters of BSK was located in the Middle District from 1998 until the second week of March 2005; all meetings of the board of directors during this time period took place in the Middle District; all actions asserted against him in the complaint allegedly took place in the Middle District; all accounting records of BSK are maintained by an accounting firm in the Middle District; and BSK has significant ties to the Middle District.

BSK opposes the requested venue change and seeks remand of this action to the state court pursuant to Fed. R. Civ. P. 9027(d) or alternatively, mandatory abstention under 28 U.S.C. § 1334(c)(2). BSK generally denies the factual allegations of McPherson's motion and asserts that its request for injunctive relief against McPherson would be irrevocably damaged by the delay occasioned by a change of venue. In addition, BSK contends that both this court and the Bankruptcy Court for the Middle District of Tennessee are without jurisdiction over this adversary proceeding, with the Middle District's authority being limited solely to the determination of whether an order for

3

relief should be entered in the involuntary case. BSK notes that notwithstanding the filing of the involuntary petition, it may, under the authority of 11 U.S.C. § 303(f), continue to transact business, including this litigation against McPherson. Lastly, BSK argues that McPherson procedurally erred by filing his Notice of Removal in the bankruptcy court rather than federal district court, "thus usurping the Federal District Court's right to approve or deny referral to the Bankruptcy Court."

II.

Taking the last issue first, whether the notice of removal should have been filed with the federal district court, it must be noted that removal is governed by Fed. R. Bankr. P. 9027, which provides in subsection (a)(1) that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed. R. Bankr. P. 9001(3) indicates that when the word "clerk" is used in the Federal Rules of Bankruptcy Procedure, "'Clerk' means bankruptcy clerk . . . ." Courts construing these provisions have consistently concluded that a notice of removal is to be filed with the clerk of the bankruptcy court rather than the district court clerk. *See Hendersonville Condominium Homes, Inc. v. Contractors Performance Corp.*, 84 B.R. 510, 511 (M.D. Tenn. 1988)(holding that the petition for removal should have been filed with the bankruptcy clerk); *Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 56 n.6 (Bankr. E.D. Tenn. 1999)("[A] notice of removal is properly filed with the bankruptcy clerk.")(citing *Aztec Indus., Inc. v. Standard Oil Co. (In re Aztek Indus., Inc.)*, 84 B.R. 464, 468 (Bankr. N.D. Ohio 1987)); *Braden Partners, L.P. v. Hometech Medical Servs., Inc.*, 2003 WL 223423, at *2 (N.D. Cal. Jan. 17, 2003)("[R]emoval applications must be directed to the Bankruptcy Court.")(citing *Lone Star Indus., Inc. v. Liberty Mutual Ins. Co.*, 131 B.R. 269, 272 (D. Del. 1991));

*see also* 10 *Collier on Bankruptcy* ¶ 9027.03 (15th ed. rev. 2002)("Since Rule 9001(3) defines clerk as the bankruptcy clerk, and the bankruptcy court is a unit of the district court, so the notice of removal is filed with the bankruptcy clerk rather than the district court clerk."). Furthermore, 28 U.S.C. § 157(a) allows district courts to refer to bankruptcy judges any or all cases under and proceedings arising under, in or related to a case under the Bankruptcy Code. By standing order entered July 11, 1984, the District Court for the Eastern District of Tennessee has exercised the § 157(a) reference power. *See In re Reference of Matters to the Bankruptcy Court* (E.D. Tenn. 1984)(order); *In re Rose*, 314 B.R. 663, 683 (Bankr. E.D. Tenn. 2004). Accordingly, BSK's contention on this issue is without merit.

Similarly, this court finds no merit to BSK's assertion that this court or the bankruptcy court in the Middle District of Tennessee is without jurisdiction. Under 28 U.S.C. § 1334(b), the federal district courts have original jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. A proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 583-84 (6th Cir. 1990)(quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). BSK's claims against McPherson became property of the bankruptcy estate upon the filing of the involuntary petition against BSK. *See* 11 U.S.C. § 541(a)("The commencement of a case under section . . . 303 of this title creates an estate."); *see also In re E.D. Wilkins Grain Co.*, 235 B.R. 647, 649 (Bankr. E.D. Cal. 1999)("While no order for relief is entered upon the filing of an involuntary petition, its filing creates an estate consisting of all of the involuntary debtor's property."). Thus, this action is undisputably related to the bankruptcy case. The fact that no order of relief has yet been entered against BSK is not determinative. As explained

by the court in *Eyecare of Southern California, A Medical Group, Inc. v Urrea (In re Eyecare of Southern California, A Medical Group, Inc.)*, 258 B.R. 765 (Bankr. C.D. Cal. 2001):

> Under section 1334(a), federal jurisdiction applies to "all cases" under the Bankruptcy Code. Such jurisdiction arises upon the filing of a bankruptcy case. Similarly, section 1334(b) jurisdiction over "civil proceedings . . . related to cases under [the Bankruptcy Code]" arises upon the filing of a bankruptcy case.
>
> An involuntary bankruptcy case is filed under Bankruptcy Code § 303 (West 2000). Thus it is a "case" within the meaning of section 1334(a). In consequence, federal jurisdiction over a civil proceeding, like this adversary proceeding, that is related to the involuntary case commences with the filing of the involuntary petition.
>
> The removal of this adversary proceeding to this court was proper, even though the court had not yet entered an order of relief in this involuntary bankruptcy case. The filing of the case, whether voluntary or involuntary, is a sufficient basis for bankruptcy jurisdiction over the state court action. The action became a related proceeding upon the filing of the bankruptcy petition, so long as it satisfied the requirement that it be "related to" the bankruptcy case.

*Id.* at 769.

Nor is it relevant to the issues under consideration that BSK may continue to transact business while the involuntary petition is pending. *See* 11 U.S.C. § 303(f)("Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced."). BSK cites § 303(f) as support for its assertion that no automatic stay is currently in place, and thus there is no impediment to McPherson filing a counterclaim in the state court action, an argument McPherson raises in support of his assertion that removal to this court was proper. However, contrary to BSK's assertion, it is clear from the language of § 362 of the Bankruptcy Code that the automatic stay goes into effect upon the filing of an involuntary petition under § 303. *See* 11 U.S.C.

§ 362(a) ("[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay . . . .").

Section 303(f), which on its face only addresses the operation of § 363, does not compel a different result. As discussed in *Bankvest Capital Corp. v. Fleet Boston (In re Bankvest Capital Corp.)*, 276 B.R. 12 (Bankr. D. Mass. 2002):

> [T]he language of section 362 is clear: it applies to a petition filed under section 303. It does not limit the application to those instances where a petition is filed and an order for relief enters. Because the language is unambiguous, there is no need to look beyond it. But if further support were needed, it can be found within the Bankruptcy Code as well. Section 303(f) refers to an involuntary debtor using its property to carry on its business. It does not address a creditor *taking* the property. Moreover, Congress's intention that section 362 should apply to involuntary cases can be inferred from the omission of any reference to section 362 within the text of section 303(f). "Because § 303(f) specifically mentions only § 363, it arguably may exempt the gap debtor only from § 363, rather than from all the restrictions of the code. Indeed, this would be entirely logical; § 363 imposes stringent notice and court approval requirements on debtors, and thus it would be difficult, if not impossible, for many gap debtors to function normally if they were bound by the strictures of § 363." [Citation omitted.] The filing of an involuntary petition pursuant to section 303 creates an estate. There is nothing in the Code or the underlying policies of section 362 (including the protection and preservation of assets for the benefit of all creditors) that suggests that an estate, however created, should not be protected by the automatic stay.

*Id.* at 26-27.

Turning now to the question of venue, McPherson requests a change of venue pursuant to 28 U.S.C. § 1412, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This provision applies not only to changes of venue for cases under title 11 but also venue changes for civil proceedings arising under, arising in, or related to cases under title 11. *See* 1 *Collier on Bankruptcy* ¶ 4.04[1] (15th ed. rev. 2004). It has been held that the most important factor to be considered in determining whether to transfer venue of a bankruptcy proceeding under the interest

7

of justice prong is whether transfer would promote the economic and efficient administration of the bankruptcy estate. *See, e.g., Matter of Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir.1979).

Clearly a transfer of this adversary proceeding to the district where the underlying bankruptcy case is pending would promote the "economic and efficient administration of the bankruptcy estate." Certainly if the bankruptcy case against BSK goes forward, the bankruptcy court in the Middle District of Tennessee will be in the best position to adjudicate the matters in controversy, which, as noted, constitute property of the bankruptcy estate. Although BSK makes the general allegation that it will be "irrevocably damaged by the necessary delay for a Change of Venue," no specific instance of harm is cited and this court is confident that the bankruptcy court in the Middle District of Tennessee can adequately protect BSK's interests. Furthermore, this court believes that it is more appropriate for that court, rather than this "transitory" court with no association to the bankruptcy case, to decide BSK's motion to remand or abstain. *See Tallo v. Gianopoulos*, 321 B.R. 23, 28-29 (E.D.N.Y. 2005)(concluding that the home court of the bankruptcy "is better situated to determine the propriety of remand"); *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 363 (D. Kan. 2004)("The validity of the motion to remand is properly determined by the transferee court."); *Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002)(same); *In re Aztek Indus., Inc.*, 84 B.R. at 467 (same).

### III.

In accordance with the foregoing, the court will enter an order, contemporaneously with the filing of this memorandum, granting McPherson's motion to change venue. BSK's motion to remand

or abstain will be reserved pending a ruling thereon by the United States Bankruptcy Court for the Middle District of Tennessee.

FILED: May 18, 2005

                                      BY THE COURT

                                      /s/ Marcia P. Parsons
                                      MARCIA PHILLIPS PARSONS
                                      UNITED STATES BANKRUPTCY JUDGE